Rogers McCarron & Habas, P.C. v Acker (2020 NY Slip Op 07935)





Rogers McCarron & Habas, P.C. v Acker


2020 NY Slip Op 07935


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-10859
 (Index No. 34540/14)

[*1]Rogers McCarron & Habas, P.C., respondent,
v
Mark Acker, appellant, et al., defendants.


Ellen O'Hara Woods, New City, NY, for appellant.
Rogers, Habas & Eisen, P.C., Orangeburg, NY (Patricia E. Habas of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to enforce a foreign judgment, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant Mark Acker appeals from a judgment of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated September 5, 2018. The judgment, upon an order of the same court dated September 4, 2018, granting the plaintiff's motion for summary judgment against the defendant Mark Acker upon his failure to answer, is in favor of the plaintiff and against that defendant in the principal sum of $79,819.47. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the appeal is dismissed, without costs or disbursements, as no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511).
In September 2014, the plaintiff commenced this action by summons and motion for summary judgment in lieu of complaint pursuant to CPLR 3213, inter alia, to recover legal fees it incurred in its representation of the defendant Mark Acker (hereinafter the defendant). The plaintiff's representation of the defendant included providing legal advice relating to the defendants Estate of Stanley Acker (hereinafter the Estate) and Stanley Acker Revocable Living Trust (hereinafter the Trust). Stanley Acker was the defendant's father, and the defendant was a personal representative of the Estate and a trustee of the Trust. The Estate, which was probated in Florida, resulted in a Florida judgment awarding legal fees to the plaintiff. Based upon that judgment, the plaintiff commenced this action seeking to recover unpaid legal fees in the amount of $164,353.47.
On October 3, 2014, the return date of the plaintiff's motion, the defendant personally appeared in the Supreme Court. While this Court has not been provided with a transcript, if any, from that appearance, it is undisputed that the defendant did not submit any answering papers as required by CPLR 3213 and did not request additional time to do so. In February 2015, approximately four months after being served with the summons and motion, the defendant filed a document entitled "Notice of Motion to Dismiss" unsupported by any affidavit and without setting forth the grounds for relief (see CPLR 2214[a]). The "Notice of Motion to Dismiss," both untimely and facially defective, failed to extend the defendant's time to answer (see CPLR 320[a]; 3211[f]).
In an order dated May 21, 2015, the Supreme Court denied the defendant's purported motion to dismiss. In an order dated June 8, 2015, the court, inter alia, denied the plaintiff's motion for summary judgment in lieu of complaint without prejudice. Pursuant to CPLR 3213, where the motion is denied, "the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise." Here, there were no answering papers to deem an answer.
In 2018, after a Florida court issued an amended order setting the amount of legal fees owed by the Estate at $84,534, the plaintiff moved for summary judgment against the defendant in the principal sum of $79,819.47, representing the balance of legal fees owed by the defendant. The defendant opposed the motion. In an order dated September 4, 2018, the Supreme Court declined to consider the defendant's opposition papers, correctly noting that the defendant failed to submit answering papers in response to the plaintiff's original motion for summary judgment, failed to seek an extension of time to do so, and failed to move to vacate his default in opposing the original motion for summary judgment. On September 5, 2018, a judgment was entered upon the order in favor of the plaintiff and against the defendant in the principal sum of $79,819.47. Since no appeal lies from a judgment entered upon the default of the appealing party, we dismiss the appeal (see CPLR 5511).
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court